THE SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

| | |
|---|---|
| EURONET PAYMENTS & REMITTANCE, INC., ) | |
| ) | |
| Petitioner, ) | Index No. 601675/07 |
| ) | |
| - against - ) | |
| ) | |
| ENVIOS DE VALORES LA NACIONAL CORP., ) | NEW YORK |
| ENVIOS DE VALORES LA NACIONAL, INC., ) | COUNTY CLERK'S OFFICE |
| AEROCARIBE TRAVEL AGENCY, INC., ) | |
| JOSE ANDRES HERNANDEZ ANDUJAR, ) | MAY 18 2007 |
| CANDIDA DE HERNANDEZ, AND ) | |
| ROBERTO LOPEZ, ) | NOT COMPARED |
| ) | WITH COPY FILE |
| Respondents. ) | |
| ) | |

---

## MEMORANDUM IN SUPPORT OF EURONET'S PETITION TO STAY ARBITRATION PENDING RESOLUTION OF THE ISSUE OF ARBITRABILITY IN THE DISTRICT COURT OF KANSAS

---

Petitioner Euronet Payments & Remittance, Inc. ("Euronet"), respectfully submits this memorandum in support of its Petition to Stay the Arbitration demanded by Respondents pending resolution of the previously filed Motion To Stay Arbitration, which was filed in the pending action between the parties in the United Stated District Court for the District of Kansas ("District Court of Kansas"). A copy of the previously filed motion before the District Court of Kansas is attached as Exhibit C to the Petition to Stay the Arbitration. In the papers removing the pending Kansas action to federal court, Respondents' (with the exception of Respondent Lopez) indicated their intent to file a Motion for Stay to Enforce Arbitration Provision and, thereby, raise the issue of

**EXHIBIT 1-D**

arbitrability before the District Court of Kansas. Accordingly, there does not appear to be any dispute that the Kansas court has the jurisdiction to address the issue of arbitrability and the prior filed action is therefore a "pending action" as defined by CPLR §§ 7502(a).

**1.     The Court Should Defer Ruling On This Special Proceeding Pending The Decision By The Kansas Court**

Euronet filed its initial Petition (or complaint) against the Respondents in the District Court of Johnson County, Kansas on March 14, 2007.   That Petition was amended on April 5, 2007.   *See* Exhibit A to the Petition to Stay Arbitration. Respondents removed the Amended Petition to the District Court of Kansas on May 16, 2007.

In response to the Amended Petition (or complaint) in the Kansas court, Respondents demanded arbitration by letter dated April 30, 2007. *See* Exhibit B to the Petition to Stay Arbitration.   On May 17, 2007, Euronet filed a Motion to Stay the demanded arbitration, in accordance with CPLR §§ 7502(a) and 7503(b), in the pending action in the District Court of Kansas. *See* Exhibit C to the Petition to Stay Arbitration. Because the District Court of Kansas has the jurisdiction to determine all issues of arbitrability, it is a "pending action" within the meaning of CPLR § 7502(a). Accordingly, this Court should defer ruling on Euronet's Petition, pending resolution by the District Court of Kansas of the motion pending before it.[1]

"As a matter of New York state policy, the rule has been stated that 'proceedings begun in another State should not be interfered with unless there is some necessity clearly shown.... Generally the court which has first taken jurisdiction is the

---

[1] This Special Proceeding was filed as a prophylactic measure to avoid any issue or arguments of waiver pursuant to CPLR § 7503(c).

one in which the matter should be determined and it is a violation of the rules of comity to interfere.'" *White Light Prods. v. On The Scene Prods.*, 231 A.D.2d 90, 96 (1st Dept. 1997), *quoting City Trade & Indust., Ltd. v. New Cent. Jute Mills Co.*, 25 N.Y.2d 49, 58 (1969). The policy favoring comity is evidenced in CPLR § 7502(a), which provides: "[a] special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy *which is not made by motion in a pending action.*" CPLR § 7502(a) (emphasis added). The New York statutory provision regarding applications to compel arbitration further provides that "[i]f an issue claimed to be arbitrable is involved in an action pending in a court having jurisdiction to hear a motion to compel arbitration, the application *shall be made by motion in that action.*" CPLR § 7503(a) (emphasis added). Therefore, it is clear that New York courts should defer all questions of arbitrability in favor of a prior filed motion to stay in a "pending action" where the deciding court has jurisdiction to determine all issues of arbitrability.

As set forth above, the District Court of Kansas has jurisdiction to determine all issue of arbitrability related to this dispute. Accordingly, this Court should defer to the first filed action in furtherance of CPLR §§ 7502(a), 7503, and the New York policy favoring comity.

## 2. Alternatively, Should This Court Not Be Inclined To Defer Resolution Of This Special Proceeding, The Demanded Arbitration Should Be Stayed Because The Underlying Agreement Is Permeated With Fraud

The parties to this action (with the exception of Respondent Roberto Lopez) were parties to a Stock Purchase Agreement ("SPA"), dated January 12, 2007, pursuant to which Euronet was to acquire, subject to certain closing conditions which were not satisfied, Envios de Valores La Nacional Corp., a New York corporation, Envios De Valores La Nacional, Inc., a New Jersey corporation, and AeroCaribe Travel Agency,

Inc., a New York corporation, from Jose Andres Hernandez Andujar (and his consenting spouse, Candida de Hernandez) (collectively referred to as "La Nacional"). The SPA has not closed, and $26 Million is being held in Pre-Closing Escrow.

Effective April 5, 2007, Euronet rescinded and terminated the SPA pursuant to its terms, due to events and information discovered after the execution of the SPA. Stated simply and as further set forth below, Euronet was defrauded in a scheme that (1) misrepresented the lawfulness of the businesses to be purchased (artificially inflating the value of the companies), (2) concealed the felony money laundering conviction of a key member of management, and (3) concealed a conspiracy through which Respondents and others would strip the core revenue-generating relationships from the companies post-closing.

Accordingly, La Nacional not only made false representations to extract the full market price for a purportedly law abiding and legitimate enterprise, but planned to strip even the legitimate portions of La Nacional after closing. As a result of Respondents' conduct, fraud permeates the entire agreement. The arbitration clause that was induced by fraud is therefore invalid and this matter should remain in court.

## Procedural History

As a result of the circumstances set forth in the Petition to Stay and more fully detailed below, Euronet issued a letter rescinding and terminating the SPA on April 5, 2007. A copy of this correspondence is attached as Exhibit 7 to the Amended Petition. On the same day, Euronet amended its Petition (or complaint) in the Kansas court, alleging the following causes of action:

1. **Fraudulent Inducement** – against all the Respondents;

2. **Negligent Misrepresentation** – against all the Respondents;

4

3. **Breach of Contract** – against La Nacional and Hernandez Respondents;

4. **Declaratory Judgment** – against La Nacional and Hernandez Respondents;

5. **Tortious Interference** – against Respondents Jose Hernandez and Lopez; and

6. **Civil Conspiracy** – against Respondents Jose Hernandez and Lopez.

In response to the Amended Petition, on April 30, 2007, counsel for Respondents issued a letter pursuant to CPLR § 503(c) [2] asserting that the claims in this action are subject to the arbitration clause in the SPA, and demanding arbitration or that Euronet file a motion to stay.  The correspondence states in pertinent part:

> Pursuant to Paragraph 11.4 of the SPA, La Nacional hereby gives notice to Euronet that it requires that the dispute raised in the lawsuit filed by Euronet be submitted to arbitration in accord with Paragraph 11.4 of the SPA. . . . . As you are also aware, the SPA is governed by New York Law.  SPA ¶ 11.5.  Pursuant to New York law, section 7503(c) **you are hereby notified that if, within 20 days after receipt of this notice, you fail to serve an application to stay arbitration you will "thereafter be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court .    [any] bar of a limitation of time."**  CPLR § 7503(c). (emphasis added)

As a result, Euronet moved the District Court of Kansas (and has petitioned this Court to avoid any arguments or issues of waiver) to stay the arbitration demanded by

---

[2]      The SPA contains a choice of law provision, which provides:

> <u>Applicable Law</u>.  THIS AGREEMENT WILL BE DEEMED TO BE A CONTRACT MADE UNDER THE LAWS OF THE STATE OF NEW YORK AND FOR ALL PURPOSES WILL BE GOVERNED BY AND INTERPRETED IN ACCORDANCE WITH THE LAWS PREVAILING IN THE STATE OF NEW YORK, WITHOUT REGARD TO PRINCIPLES OF CONFLICT OF LAWS.

*Id.* at Section 11.5.