**C. Euronet is entitled to an evidentiary hearing to show that its claims are not arbitrable because Euronet has made a prima facie showing that Respondents' fraud "permeated the entire contract," rendering the arbitration clause unenforceable.**

Euronet's Amended Petition clearly makes a prima facie showing that fraud permeated the entire SPA, rendering the arbitration clause unenforceable. Euronet has demonstrated that, among other things, Respondents fraudulently misrepresented to Euronet that La Nacional was operated in accordance with the law, that no La Nacional employee had been convicted of any money laundering offenses, that the financial projections related to La Nacional were accurate, and that the sales personnel and agents of La Nacional would remain loyal to Euronet post-closing and that La Nacional had made the proper required disclosures to state agencies. *See* Amended Petition ¶ 54.

Despite these representations, La Nacional employees were the target of a multi-year state and federal criminal investigation for money laundering, which resulted in the arrest of two La Nacional employees and the execution of search warrants at two La Nacional stores. *See* Search Warrant affidavits attached as Exhibits 5 and 6 to the Amended Petition. Moreover, La Nacional's General Sales Manager is a convicted felon – a fact known to La Nacional but in direct contravention of the representations given in the SPA and to state regulators. In addition to Ramon Corporan, numerous individuals associated with RAO -- the convicted and closed money laundering enterprise owned by Respondent Roberto Lopez -- are now in key management or consulting positions within La Nacional. The effective re-creation of the convicted and closed enterprise within La Nacional undermines the fundamental integrity of La Nacional's personnel and operations. Finally, Euronet alleges that, on information

that the New York court permitted discovery on the issue of arbitrability.    **EXHIBIT 1-G**

17

from multiple sources, Respondents Jose Hernandez and Roberto Lopez, at the time of the contract negotiations, were surreptitiously organizing the stripping of business/revenue generating relationships away from La Nacional post-closing for their own benefit. *See* Amended Petition ¶ 57.

These facts and allegations demonstrate that the Respondents intentionally lied to induce Euronet to agree to the terms of the SPA, with the full intention of further defrauding Euronet by stripping away La Nacional's future business/value post-closing. Respondents constructed this fraudulent scheme prior to the negotiations and bargained with the bad-faith objective of defrauding Euronet. Respondents' fraudulent scheme was so pervasive that fraud permeated the entire SPA, rendering every provision of the Agreement, including the arbitration clause, unenforceable. The bad-faith intent of the Respondents and the extensive nature of their fraud demonstrates that the SPA was not a result of an "arms' length" negotiation. Therefore, Euronet is entitled to a stay of the arbitration demanded by Respondents.

Euronet respectfully requests this Court conduct an evidentiary hearing on the issue of whether Respondents' fraud so permeates the entire SPA that the arbitration clause is unenforceable. The fraud demonstrated by Euronet is more prevalent and egregious than in the New York cases where courts found that an evidentiary hearing was required. *See Kennelly v. Mobius Realty Holdings LLC,* 33 A.D.3d 380 (1st Dept. 2006) (fraud allegations related only to the manner in which the real estate brokerage firm drafted the contract); *Housekeeper v. Lourie*, 39 A.D.2d 280, 285 (1st Dept. 1972) (fraud allegations related solely to attorney misrepresenting the requirements to terminate partnership). Euronet requests that the hearing be scheduled no sooner than ninety (90) days after the filing of this motion to allow necessary discovery to be taken in

18

preparation for the hearing. The period of ninety (90) days is requested due to the international scope of the necessary discovery.

### D. Euronet's claims against Respondent Roberto Lopez are not arbitrable because he is a non-signatory to the SPA and has no right to compel arbitration.

In addition to and irrespective of the above, Euronet asserts four causes of action against Respondent Roberto Lopez, a non-signatory to the SPA.[4] The contractual right to compel arbitration may not be invoked by one who is not a party to the agreement and does not otherwise posses the right to compel arbitration. *Waldron v. Goddess*, 93 A.D.2d 706, 709 (1st Dept. 1983) (reversed on other grounds), (quoting *Moruzzi v. Dynamics Corp. of Amer.*, 443 F.Supp 332 (S.D. N.Y. 1977)); *see also Lorber Industries of Cal. V. Los Angeles Printworks Corp.*, 803 F.2d 523, 525 (9th Cir. 1986). Roberto Lopez is not a party to the SPA and, accordingly, the claims against him should be litigated in any event.

Accordingly, if the Court is disinclined to stay all or part of the demanded arbitration, Euronet should nevertheless be permitted to pursue its claims against Respondent Lopez in litigation. Lopez is a non-party to the SPA, and therefore the questions of law and fact regarding the claims against him are separate and distinct from those asserted against the other Respondents.

---

[4] Fraudulent Inducement (Count I), Negligent Misrepresentation (Count II), Tortious Interference (Count V), and Civil Conspiracy (Count VI)

## CONCLUSION

Based upon the foregoing, Euronet respectfully requests this Court to defer ruling on its Petition to Stay the Arbitration, until resolution of the issue in the pending action in Johnson County, Kansas. The Kansas court has jurisdiction to resolve all issues of arbitrability and, therefore, is the appropriate forum within which to resolve any issue of arbitrability related to this dispute. In the alternative, Euronet requests this Court to stay all proceeding under the demand of arbitration.

Respectfully submitted,

Howard J.C. Nichols /CRJ
Howard J.C. Nichols, Esq. (3895554)
SQUIRE, SANDERS & DEMPSEY LLP
350 Park Avenue
New York, NY 10022

Of Counsel:

Thomas S. Kilbane (OH # 0005938)
Colin R. Jennings (OH # 0068704)
SQUIRE, SANDERS & DEMPSEY L.L.P.
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 479-8500
Facsimile: (216) 479-8795

Attorneys for Petitioner

DATED: May 17, 2007